UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ALLEN DAVIDSON,

          Plaintiff,

   -against-

BRIAN KEEGAN, individually and
as a police officer of the Suffolk County,
New York Police Department; WILLIAM
SCRIMA, individually and as a police
officer of the Suffolk County, New York
Police Department; JAMES CULLEN,
individually and as a police officer of the
Suffolk County, New York Police Department;
BRIAN VALENTIN, individually and as a
police officer of the Suffolk County, New
York Police Department; "TOMAS SNOW",
"DICK WHITE", and "HARRY BLACK",
individually and as police officers and/or
police detectives of the Suffolk County, New
York Police Department, whose names
are unknown and COUNTY OF SUFFOLK,
NEW YORK,

          Defendants.
-------------------------------------------------------X

JURY TRIAL DEMANDED
Docket No.: CV 04 1100
(ADS)(MLO)

## ~~PROPOSED~~ AMENDED COMPLAINT

### Introductory Statement

1. This is an action for damages sustained by a citizen of the United States against police personnel of the Suffolk County, New York Police Department who unlawfully subjected him to and/or failed to protect him from excessive force, including force used in seizing and arresting him, and against the COUNTY OF SUFFOLK, the employer of the above referred to police

personnel, which is sued as a person under 42 U.S.C. § 1983, because of its condonation of such police misconduct as that complained of herein.

### Jurisdiction

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the Fourth Amendment to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343 (1), (2), (3), (4) and the aforementioned statutory and constitutional provisions.

3. The amount in controversy exceeds $150,000 excluding interest and costs.

### Parties

4. Plaintiff was, at all times relevant to the allegations of this complaint, a citizen of the United States and a resident of Suffolk County, New York.

5. At all times relevant hereto, defendants Brian Keegan, William Scrima, James Cullen, Brian Valentin, Tomas Snow, Dick White and Harry Black were employed by the Suffolk County, New York Police Department as police personnel. The latter three defendants are sued by fictitious names because their real names are unknown. Each of the individual defendants is sued individually and in his official capacity.

6. The defendant County of Suffolk (hereinafter "County") is a municipal corporation within the State of New York and, at all relevant times, it acted under color of law and employed defendants Keegan, Scrima, Cullen, Valentin, Snow, White and Black as police personnel.

2

7. At all times relevant hereto and in all their actions described herein, defendants Keegan, Scrima, Cullen, Valentin, Snow, White and Black were acting as the agents, servants and employees of the County and they were acting under color of law and pursuant to their authority as police personnel of the County Police Department.

## Factual Allegations

8. At or about 8:14 p.m. on or about December 3, 2002, defendant Keegan claims to have observed plaintiff northbound at the intersection of American Boulevard and Bert Court in the Village of Brentwood, Town of Islip. Officer Keegan claims that plaintiff, at the above referred to date, time and location, committed minor moving violations of the Vehicle and Traffic Law. Defendant Keegan claims that he stopped plaintiff and ascertained that his driver's license was suspended in the State of New York. Officer Keegan also claims that he soon thereafter learned that the vehicle plaintiff was operating was stolen.

9. Defendant Keegan was soon joined by officers Scrima, Cullen and Valentin; on the scene of the stop were several police vehicles, including the units designated by numbers 318 and 310.

10. At the scene of the vehicle stop, defendants Keegan, Scrima, Cullen, Valentin, Snow, White and Black used excessive force by assaulting and battering plaintiff. The abuse included striking his right elbow with a blunt object.

3

choking plaintiff and pressing down on his head with the foot of one of the individual defendants.

11. Defendants Keegan, Scrima, Cullen, Valentin, Snow, White and Black all either participated in the abuse and/or permitted it by standing nearby and, for the purpose of furthering the harming of plaintiff, failing to prevent or protest the abuse.

12. The abuse is attributable to negligent and grossly negligent management of its police department by the COUNTY.

13. Thereafter, plaintiff was placed in handcuffs and transported to the County Third Police Precinct in Bayshore, New York.

14. As a result of the abuse and official misconduct hereinbefore described, plaintiff sustained damage, including such physical injuries as bruises, a broken elbow, pain, including to the legs, arm and lower back; fright, emotional distress, shock to the nerves and nervous system and humiliation; he incurred hospital expenses and was otherwise damaged.

15. The mistreatment to which plaintiff was subjected was consistent with an institutionalized practice of the County Police Department which was known to and approved of by the municipality, the latter defendant having at no time taken any effective action to prevent defendants Keegan, Scrima, Cullen, Valentin, Snow, White and Black from continuing to engage in such misconduct as that complained of herein.

16. Defendant COUNTY authorized, tolerated as institutionalized practices and approved of the misconduct hereinbefore detailed by:

4

a) Failing to properly discipline, restrict and control employees, including defendants Keegan, Scrima, Cullen, Valentin, Snow, White and Black known to be irresponsible in their dealings with citizens of the community;

b) Failing to take adequate precautions in the hiring, assignment and retention of police personnel, including specifically defendants Keegan, Scrima, Cullen, Valentin, Snow, White and Black;

c) Failing to forward to the office of the District Attorney of the County, evidence of criminal acts committed by police personnel;

d) Failing to establish and/or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to such complaints by confronting citizens with bureaucratic power and official denials, calculated to mislead the public; the above referred to conduct also constitutes gross negligence under state law and

e) Establishing and continuing in effect a counterfeit internal "investigative" procedure calculated to assure police, and having the effect of assuring police that citizens' complaints made against them will be taken lightly, thereby proximately causing the abuse of which plaintiff complains.

17. As a consequence of the abuse of authority detailed above, the plaintiff sustained the damages hereinbefore alleged.

## Federal Claim
### (42 U.S.C. § 1983)

18. The allegations set forth above in paragraphs 1 through 17 are incorporated herein by reference.

19. The hereinbefore described actions and omissions, engaged in under color of state authority by defendants, including defendant COUNTY, sued as a person, responsible because its authorization, condonation and/or approval of the acts of its agents, deprived plaintiff of rights and immunities secured to him under the Constitution of the United States, including, but not limited to, his Fourth Amendment right to be free from the use of excessive force employed in connection with the seizure of his person.

WHEREFORE plaintiff demands the following relief against the defendants:

a) Compensatory damages, jointly and severally against all of the defendants, in an amount deemed appropriate by the jury;

b) Punitive damages against each of the individual defendants in amounts deemed appropriate by the jury;

c) Such other and further relief, including costs and reasonable attorney's fees, as this court may deem appropriate.

Dated: Islip Terrace, New York
       January 23, 2005

Yours etc.

*[signature]*

Arthur V. Graseck Jr. /6285/
Attorney for Plaintiff
1870 Spur Drive South
Islip Terrace, NY 11752
(631) 277-6543

6